## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ROBERT GUNTER**,

Case Number: _____

*Plaintiff*,

v.

**SEAS & ASSOCIATES, LLC**,

*Defendant*.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, ROBERT GUNTER, ("**Mr. Gunter**"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendant, SEAS & ASSOCIATES, LLC, ("**Seas**"), and states as follows:

## PRELIMINARY STATEMENT

1.      This is an action brought by Mr. Gunter against Seas for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* ("**TCPA**") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("**FDCPA**").

## JURISDICTION AND VENUE

2.      Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d) and the TCPA, 47 U.S.C. § 227(b)(3).

3.      Seas is subject to the provisions of the TCPA and the FDCPA, and is subject to the jurisdiction of this Court pursuant to 28 U.S.C § 1331.

4.      Venue is proper in this District because the events giving rise to this cause of action occurred within the District.  28 U.S.C. §1391(b)(2).

## PARTIES

5.      Mr. Gunter is a natural person residing in Hillsborough County, Florida and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Seas is an Arkansas limited liability company, with a primary business address of 8320 Highway 107, Ste. A2, Sherwood, AR 72120.

7.      The Florida Registered Agent for Seas is CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.

8.      Seas is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) in that it regularly attempts to collect debts originally due to another party.

9.      Seas is registered with the Florida Office of Financial Regulation as a Consumer Collection Agency ("**CCA**") and holds license number s CCA9903150.

## FACTUAL ALLEGATIONS

10.     Sometime around the fall season of 2014, Seas began placing auto-dialed calls to Mr. Gunter's cellular telephone.

11.     Seas began placing these calls for the purpose of collecting a debt ("**debt**") allegedly owed by a "Jonathan Durkle".

12.     Upon information and belief, the debt arose from services which were primarily for family, personal or household purposes, and meets the definition of "debt" under 15 U.S.C. §1692a(5).

13.     Mr. Gunter does not know anyone by the name "Jonathan Durkle."

14.     Mr. Gunter never provided express consent to Seas to contact him on his cellular telephone.

15.     At no point did Mr. Gunter expressly consent to calls being made to his cellular telephone from Seas, or from any other entity or individual, regarding a debt accrued by a "Jonathan Durkle."

16.     Similarly, Mr. Gunter never expressly consented to allow calls to be made to his cellular telephone from Seas, or from any other entity or individual, regarding any matter related to a "Jonathan Durkle."

17.     Mr. Gunter never gave consent to anyone named "Jonathan Durkle" to allow him to provide his cellular telephone number to anyone.

18.     At no point did Mr. Gunter expressly consent to anyone or any entity to be contacted to accept telephone calls on his cellular telephone on behalf of a "Jonathan Durkle."

19.     Despite this absolute lack of consent to be called on his cellular telephone, Mr. Gunter began receiving approximately two or three calls each week in from Seas on his cellular telephone regarding the debt around the fall season of 2014.

20.     The frequency of calls slowed for a period of time, but then the calls from Seas to Mr. Gunter's cellular telephone regarding the debt resumed with more frequency again in January 2015.

21.     Mr. Gunter received auto-dialed calls from Seas regarding the debt on January 29, 2015, February 10, 2015, February 12, 2015 and February 18, 2015.

22.     In total, Mr. Gunter believes he has received more than 12 auto-dialed calls from Seas on his cellular telephone regarding the debt.

23.     The true number of auto-dialed calls from Seas to his cellular telephone regarding the debt is unknown to Mr. Gunter.

24.     The true number of auto-dialed calls from Seas to Mr. Gunter's cellular telephone regarding the debt will be revealed from a review of the dialed calls contained in Seas' dialer and/or Seas' business and telephone records or the telephone records of its service providers.

25.     Many of the auto-dialed calls from Seas to Mr. Gunter's cellular telephone regarding the debt resulted in voicemails being left in Mr. Gunter's voicemail box.

26.     The voicemail left by Seas in Mr. Gunter's voicemail box on January 29, 2015 stated, in a pre-recorded and artificial voice:

> Hello. Please contact Seas and Associates regarding an important business matter. You may reach our office at 866-277-2933. Our hours of operation are Monday through Thursday, 8am-6pm central time, and Friday 8am-noon central time.

27.      The other voicemails left by Seas in Mr. Gunter's voicemail box stated, in a pre-recorded and artificial voice:

> Hello. Please contact Seas and Associates regarding an important business matter. You may reach our office at 866-277-2933. Our hours of operation are Monday through Thursday, 8am-6pm central time, and Friday 8am-noon central time. This is an attempt to collect a debt from a debt collector.

28.     Mr. Gunter is the sole subscriber to his wireless cellular telephone number.

29.     Mr. Gunter is the only user of his cellular telephone.

30.     Mr. Gunter is the "called party" as understood pursuant to the TCPA.

31.     At no point did Seas manually dial Mr. Gunter to find out if "Jonathan Durkle" could be reached at his number.

32.     At no point did Seas, in any other fashion, attempt to verify that it had the requisite express consent to place automated calls to Mr. Gunter's cellular telephone.

33.     At no point did Seas, in any fashion, attempt to gather the requisite express consent to place automated calls to Ms. Gunter's cellular telephone.

34.     Mr. Gunter only learned of the reasoning behind Seas' repeated auto-dialed calls to his cellular telephone after he called the number back, inquired into why Seas was repeatedly auto-dialing his cellular telephone, and was told by a representative that Seas has been repeatedly auto-dialing his cellular telephone in an attempt to collect a debt from a "Jonathan Durkle."

35.     All of the calls were placed via automated telephone dialing equipment ("ATDS") as defined by the TCPA at 47 U.S.C. § 227(a)(1).

36.     None of the calls were for "emergency purposes."

37.     Seas' calls to Mr. Gunter were "communications" as defined by 15 U.S.C. § 1692a(2).

38.     Mr. Gunter has hired the aforementioned law firm to represent him in this matter and is obligated to pay its reasonable fees.

## COUNT I
## VIOLATIONS OF THE TCPA- 47 U.S.C. § 227, *et. seq.*

39.     Mr. Gunter adopts and incorporates paragraphs 1 - 38 as if fully stated herein.

40.     Seas violated **47 U.S.C. § 227(b)(1)(A)(iii)** when it repeatedly called Mr. Gunter's cellular telephone number using an automated dialing mechanism without his express consent for non-emergency purposes.

41.     Seas violated **47 U.S.C. § 227(b)(1)(A)(iii)** when it repeatedly called Mr. Gunter's cellular telephone number and left voicemail messages utilizing artificial or prerecorded voice without his express consent for non-emergency purposes.

42.     Seas willfully and knowingly auto-dialed Mr. Gunter's cellular telephone without Mr. Gunter's express consent for non-emergency purposes.

43.     Seas is liable to Mr. Gunter for willfully and knowingly failing to comply with the TCPA.

44.     Mr. Gunter is entitled to injunctive relief from potential future violations of the TCPA.

**WHEREFORE,** Mr. Gunter respectfully requests that this Honorable Court enter judgment against SEAS for:

a.      Statutory damages of **$1,500** for each willful violation of the TCPA found to have been committed, pursuant to 47 U.S.C. § 227(b)(3), a figure of **$18,000** based on the twelve calls known to Mr. Gunter at this time;

b.      Statutory damages of **$500** for each negligent violation of the TCPA found to have been committed, pursuant to 47 U.S.C. § 227(b)(3)(B);

c.      Costs related to this cause of action;

d.      Equitable relief enjoining SEAS from further violations of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A); and,

e.      Such other relief that this Court deems just and proper.

## COUNT II
## VIOLATIONS OF THE FDCPA- 15 U.S.C. § 1692, *et. seq.*

45.     Mr. Gunter adopts and incorporates paragraphs 1 - 38 as if fully stated herein.

46.     Seas' conduct violated **15 U.S.C. § 1692e(11)** in that Seas failed to identify itself as a debt collector in its January 29, 2015 communication.

47.      SEAS' conduct violated **15 U.S.C. § 1692e(5)** in that Seas threatened to take action which cannot legally be taken by placing auto-dialed collection calls to Mr. Gunter's cellular telephone for the purpose of collecting a debt without his express consent to do so.

48.     Seas' conduct violated 15 U.S.C. § 1692f in that Seas used unfair means to collect a debt by repeatedly placing auto-dialed collection calls to  Mr. Gunter's cellular telephone for the purpose of collecting a debt without his express consent to do so.

49.     Seas' conduct renders it liable for the above-stated violations of the FDCPA.

**WHEREFORE,** Mr. Gunter respectfully requests this Honorable Court enter judgment against SEAS for:

a.      Statutory damages of $**1,000.00**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b.      Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

c.      Such other relief that this Court deems just and proper.

Respectfully submitted this ___ day of March, 2015, by:


 _/s/ Bobbi Madonna_____
Bobbi Madonna
Florida Bar # 0056265
Seraph Legal, P.A.
2002 E. 5th Avenue, Suite 104
Tampa, FL 33605
(813) 567-1230
bmadonna@seraphlegal.com
Attorney for Robert Gunter